UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL R. FRIEDMAN

    Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.
_____/

No. C 06-3746 PJH

**ORDER GRANTING DISCRETIONARY STANDARD OF REVIEW**

Defendant's motion to determine the standard of review came on for hearing before this court on December 13, 2006. Plaintiff, Joel R. Friedman ("Friedman"), appeared pro se. Defendant, Metropolitan Life Insurance Company ("Met Life"), appeared through its counsel, Rebecca A. Hull. Having read all the parties' papers and carefully considered the parties' arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion for application of a discretionary standard of review, for the reasons stated at the hearing, and summarized as follows.

    1.    Discretionary review is mandated here, pursuant to Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006). Under Abatie, Met Life's plan language – which states in part that "the Plan administrator and other Plan fiduciaries..." shall have "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits" – constitutes a clear grant of discretionary authority on the Plan administrator and Plan fiduciaries, such that discretionary review is warranted. See ADMIN 0026; see also Abatie, 458 F. 3d at 963. This conclusion is not altered by plaintiff's assertion that a structural conflict of interest and/or procedural errors exists here, as Abatie

1  also states that abuse of discretion review is required "*whenever* an ERISA Plan grants
2  discretion to the Plan administrator" – even, for example, where a structural conflict of
3  interest exists. Id..at 967.  To the extent any such conflict exists, the court shall weigh any
4  and all evidence of that conflict in connection with its application of the abuse of discretion
5  standard in determining the merits of plaintiff's claim – i.e., in determining whether Met
6  Life's denial of benefits was proper.

7        2.    To the extent that plaintiff seeks general open-ended discovery, plaintiff's
8  request is DENIED.  Once again, Abatie is instructive.  Abatie reiterated the principle that
9  where abuse of discretion review is applied – as here – the court is limited to matters in the
10 administrative record only, and discovery is not generally permissible.  See 458 F.3d at
11 970.  No other Ninth Circuit authority has held differently.  However, two important
12 qualifications to this principle apply:  first, with respect to any purported conflict of interest,
13 the court may, in its discretion, consider evidence "outside the administrative record to
14 decide the nature, extent, and effect on the decision-making process of any conflict of
15 interest...".  Second, with respect to procedural errors that have "affected the administrative
16 review," claimants should be given the opportunity to submit additional evidence
17 demonstrating the effect of the administrator's procedural error.  See Abatie, 458 F.3d at
18 972-73.  Accordingly, the court applies these qualifications here, as follows:

19       The denial of plaintiff's discovery request is without prejudice to plaintiff's right to
20 seek discovery again.  Specifically, if plaintiff becomes aware of material outside the
21 administrative record that would shed light on the existence of any structural conflict or
22 qualifying procedural errors, plaintiff may submit a request to the court setting forth the
23 *specifically identifiable* evidence that plaintiff seeks to discover, and specifically setting forth
24 the reasons why plaintiff believes the particular evidence will shed light on the above
25 issues.   Prior to making any such discovery request before the court, however, plaintiff
26 must first submit his request to defendant, so that defendant has an opportunity to stipulate
27 to admission of the evidence in question.
28

2

Any discovery request made by plaintiff in the manner just described must be made no later than **January 12, 2007**.

3. Any cross-motions for summary judgment that the parties wish to file shall be filed no later than **May 30, 2007**.

**IT IS SO ORDERED.**

Dated: January 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge